**MEI LING LI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–1796–ag.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Gary J. Yerman, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Joshua E. Braunstein, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. WALKER, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner, Mei Ling Li, a native and citizen of China, seeks review of an April 4, 2007 order of the BIA affirming the September 13, 2005 decision of Immigration Judge ("IJ") Noel A. Brennan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Ling Li,* No. A 77 353 526 (B.I.A. Apr. 4, 2007), *aff'g* No. A 77 353 526 (Immig. Ct. N.Y. City Sept. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (*en banc* ).

Substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. Li challenged only four of the many bases of the IJ's adverse credibility determination, and, therefore, has waived any challenge to the remaining, uncontested findings. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 8 (2d Cir.2005). The unchallenged findings include: (1) the implausibility of Li's assertion that the hospital would give her an abortion certificate when she did not work at the time; (2) the IJ's assessment of Li's demeanor; (3) the inconsistency between the letter written by Li's mother indicating the police claimed her parents were engaging in illegal religious activities when they came and arrested Li and Li's testimony that her mother was not present during the incident; (4) the IJ's finding that Li's

testimony concerning her detention and interrogation lacked detail; (5) the implausibility of Li's testimony about how the police transported Li and her fellow church members to the police station after their arrest; (6) the inconsistency between the letter from Li's parents that Li is Catholic and the absence of any mention of the Catholic church on her baptismal certificate; and (7) the implausibility of Li's testimony that she requested asylum when she arrived in the United States the first time but U.S. officials sent her back to China without conducting a credible fear interview. These unchallenged findings alone support the agency's adverse credibility finding because they involve matters central to Li's claim—whether she had an abortion, whether she practices Christianity, whether she was arrested and detained for practicing Christianity, and whether she sought asylum when she came to the United States the first time. *Zhou Yun Zhang,* 386 F.3d at 74. Accordingly, the IJ did not err by denying asylum and withholding of removal where the only evidence that Li might be persecuted or tortured depended upon her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that an alien raise on appeal to the BIA, each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Because Li did not challenge the IJ's denial of CAT relief in her appeal to the BIA, this Court is without jurisdiction to consider Li's argument challenging the denial of that relief and must dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1). Additionally, because Li failed to challenge the agency's denial of relief based on her illegal departure from China, the birth of her son in the United States, and the IJ's alleged violation of her due process rights, we deem waived any challenge to the denial of those claims. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 8.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).